# UNITED STATES DISTRICT COURT

for the
**Western District of Kentucky**
**Paducah Division**

| | |
|---|---|
| Nestor Garcia<br>*Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>*Defendant*<br>Serve:<br>Corporation Service Company<br>421 W. Main Street<br>Frankfort, KY 40601<br><br>Midland Credit Management, Inc.<br>*Defendant*<br>Serve:<br>Corporation Service Company<br>2900 SW Wanamaker Dr.<br>Suite 204<br>Topeka, KS 66614 | Case No. 5:16CV-76-TBR |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors; and the Fair Credit Reporting Act, 15 U.S.C. § 1692 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2. Defendant Midland Funding, LLC ("Midland") violated the FDCPA by collecting costs or fees from Plaintiff Nestor Garcia that Midland had no legal right to collect from him.

3. Defendant Midland Credit Management, Inc. ("MCM") violated the FCRA by requesting a copy of Plaintiff Nestor Garcia's consumer credit reports from one or more consumer

reporting agency without a permissible purpose.

**JURISDICTION**

4. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

**PARTIES**

5. Plaintiff Nestor Garcia is a natural person who resides in Graves County, Ky. Mr. Garcia is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

6. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7. Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

9. MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). MCM is also a user and furnisher of information within the meaning of the FCRA.

**STATEMENT OF FACTS**

10. On November 7, 2014, Midland filed a complaint in the Graves District Court of Graves County, Kentucky to collect a charged-off Citibank, N.A. ("Citibank") credit card debt from Mr. Garcia.

11. The Citibank credit card at issue in the Graves County action was used solely for personal, family, and/or household purposes, which makes the debt at issue a "debt" within the meaning of the FDCPA.

12. After serving the summons and complaint on Mr. Garcia, Midland moved for and was awarded a default judgment against Mr. Garcia.

13. A true and accurate copy of the default judgment is attached as Exhibit "A."

14. The default judgment provides in pertinent part:

> It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Nestor Garcia the sum of $1,549.81 plus court costs all of which is subject to a credit of $72.00 for payments received through December 12, 2014….

15. So the default judgment awarded Midland the principal sum of $1,477.81 ($1,549.81 - $72.00).

16. The default judgment did not award Midland any interest.

17. In order to collect the Citibank debt from Mr. Garcia, Midland issued a wage garnishment on Mr. Garcia's employer.

18. A true and accurate copy of Midland's wage garnishment is attached as Exhibit "B."

19. Midland's wage garnishment provides in pertinent part:



14Y24003 - [redacted] frm
Nestor Garcia
487 Chris Dr Apt 19
Mayfield KY 42066
Prin:$1,549.81, Int:$.00, Atty Fees:$.00, Costs:$141.50

MIDLAND FUNDING LLC
Amount Due: $ $1,547.31 plus interest continuing at the rate of 0% until paid in full
Probable Court Costs: $ 10.00
Judgment Date: February 13, 2015

20. Midland's wage garnishment misstates and overstates the principal amount due on the debt. In particular, Midland's wage garnishment alternatively states that the principal amount of the debt is $1,549.81 and $1,547.31. But the default judgment only awarded Midland a total principal amount of $1,477.81.

21. The wage garnishment also seeks payment of $141.50 in "costs" and $10.00 in "court costs."

22. While the default judgment awards "court costs" to Midland, no amount of court costs is included or set forth in the amount of the default judgment.

23. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

24. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by

the prevailing party, and **(ii)** subject the award of costs to judicial oversight and review.

25. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

26. Midland did not file a bill of costs in the Graves County action.

27. Midland did not serve a bill of costs on Mr. Garcia.

28. There is no supplemental judgment entered in the Graves County case awarding Midland costs.

29. Upon information and belief, the $141.50 in "costs" and $10.00 "court costs" Midland represented it was owed in the wage garnishment constitutes self-awarded court costs by Midland.

30. Because Midland did not file a bill of costs and because there is no supplemental judgment awarding Midland costs in any amount, including $141.50 in "costs" or the $10.00 in "court costs" Midland sought to recover through the wage garnishment, Midland's representation in the wage garnishment of the amount of the default judgment against Mr. Garcia is false.

31. Upon information and belief, Midland received, under the wage garnishment served on Mr. Garcia's employer, the principal amount of either $1,549.81 or $1,547.31 that Midland represented that Mr. Garcia owed under the default judgment *and* the $141.50 in "costs" and the $10.00 in "court costs" listed in the wage garnishment.

32. Midland had no legal right to recover under the wage garnishment the $72.00 that the default judgment gave Mr. Garcia credit for paying.

33. Midland had no legal right to recover "costs" of $141.50 or "court costs" of $10.00 from Mr. Garcia without first filing a bill of costs and being awarded a supplemental judgment for those costs

34. Midland has been unjustly enriched at Mr. Garcia's expense in the amount of at least $223.50.

35. Midland filed an Order of Release of Wage Garnishment in the Graves County action on October 13, 2015.

36. Upon information and belief, Midland received everything it asked for and represented in the wage garnishment that Mr. Garcia owed Midland under the default judgment.

37. On November 2, 2015, the Graves District Court entered an Order of Satisfaction of Judgment.

38. Upon information and belief, MCM serviced the Citibank credit card debt at issue on Midland's behalf.

39. As part of its duties as servicer of the Midland/Citibank debt on Midland's behalf, MCM furnished negative credit information concerning Mr. Garcia and the Midland/Citibank debt to Trans Union, LLC; Equifax Information Services, LLC ("Equifax"); and Experian Information Solutions, Inc. ("Experian").

40. Mr. Garcia's Equifax consumer credit report includes a payment history on the debt that reflects that the last payment on the debt was made in October 2015.

41. Mr. Garcia's Equifax consumer credit report reflects a balance of $0.00 in October 2015 and November 2015 in connection with the Midland/Citibank debt. So upon information and belief, MCM furnished information to Equifax that the balance due on the Midland/Citibank debt was $0.00 in October and November 2015.

42. On November 8, 2015, MCM requested and obtained a copy of Mr. Garcia's Trans Union, LLC consumer credit report. MCM listed "COLLECTION" as the permissible purpose of the request.

43. Upon information and belief, MCM also requested and received copies of Mr. Garcia's consumer credit report from Equifax and Experian.

44. So MCM requested and obtained Mr. Garcia's consumer credit reports *after* **(i)** Mr. Garcia paid Midland of what Midland represented was owed on the Midland/Citibank debt and more than was legally owed on the debt under the wage garnishment on Mr. Garcia's employer; and **(ii)** MCM itself recognized that there was a $0.00 balance due on the Midland/Citibank debt.

45. MCM could not request and obtain Mr. Garcia's consumer credit reports for purposes of collecting a debt for which Midland had already been paid more than the legal amount owed on the Midland/Citibank debt.

46. Mr. Garcia's consumer credit report is replete with sensitive personal information. The unauthorized release of Mr. Garcia's consumer credit report was highly offensive to Mr. Garcia, as it would be to any other reasonable person.

47. Midland violated the FDCPA by falsely representing the amount due on the debt in the wage garnishment, and asking for and receiving under the wage garnishment some $223.50 in costs and court costs and the $72.00 that Mr. Garcia paid before the default judgment was entered that Midland had no legal right to recover from Mr. Garcia

48. MCM violated the FCRA by requesting one or more copies of Mr. Garcia's consumer credit report in an attempt to collect a debt from Mr. Garcia that had already been paid in full. And MCM invaded Mr. Garcia's privacy by requesting and obtaining Mr. Garcia's consumer credit reports without a permissible purpose.

**Claims for Relief:**

**I. Violations of the Fair Debt Collection Practices Act**

49. The foregoing acts and omissions of Midland Funding, LLC ("Midland") constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**II. Unjust Enrichment**

50. Midland willfully and intentionally included self-awarded court costs in the judgment amount stated in the wage garnishment Midland served on Mr. Garcia's employer. Midland in fact collected some $223.50 in costs and court costs that Midland had no legal right to collect from Mr. Garcia.

51. Midland was grossly negligent in representing and collecting the principal amount due under the default judgment in the wage garnishment. Midland listed two different principal amounts due. Neither of these listed amounts deducted the $72.00 that Mr. Garcia paid to Midland *before* Midland obtained the default judgment, and which the default judgment expressly gave Mr. Garcia credit. Midland garnished and collected funds from Mr. Garcia that he in fact had already paid.

**III. Punitive Damages**

52. Based on Midland's gross negligence in collecting the same funds from Mr. Garcia twice and collecting costs or court costs to which it had no legal right to recover from Mr. Garcia, Mr. Garcia is entitled to punitive damages to be determined by the trier of fact.

**IV. Violations of the Fair Credit Reporting Act**

53. Midland Credit Management, Inc. ("MCM") knowingly and intentionally violated the FCRA by requesting Mr. Garcia's consumer credit reports for an impermissible purpose, *i.e.* by requesting the report in connection with the collection of a debt that had already been paid in full. Therefore, MCM is liable to Mr. Garcia for statutory damages of $1,000 for each impermissible request for Mr. Garcia's consumer credit reports or the actual damages he has

sustained by reason of MCM's violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and each may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

54. MCM negligently violated the FCRA by requesting Mr. Garcia's consumer credit reports for an impermissible purpose, *i.e.* by requesting the report in with the collection of a debt that had already been paid in full. Therefore, MCM is liable to Mr. Garcia for actual damages he has sustained by reason of Midland's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and they may recover therefore pursuant to 15 U.S.C. § 1681o.

**V. Invasion of Privacy**

55. MCM requested Mr. Garcia's consumer credit reports under the false pretense of obtaining his consumer credit reports for purposes of "collection" of an account. MCM's stated purpose was false because the Midland/Citibank debt had been paid in full at least a month *before* MCM requested Mr. Garcia's consumer credit reports. This constitutes an invasion of Mr. Garcia's privacy. This invasion is offensive to Mr. Garcia and as it would be to any other reasonable person. MCM is liable to Mr. Garcia for compensatory and punitive damages in amounts to be determined by the trier of fact.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nestor Garcia, requests that the Court grant the following relief:

1. Award Plaintiff actual and compensatory damages;

2. Award Plaintiff statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k, and the FCRA, 15 U.S.C. § 1681n or §1681o;

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees;

5. Award Plaintiff costs;

6. A trial by jury; and

7. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com